IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **Michael Thomas Paul,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| **City of San Antonio, acting by and through City Public Service Board ("CPS Energy"),** | § | 5:15-CV-00173-DAE |
| | § | |
| **Defendant.** | § | |

### DEFENDANT CPS ENERGY'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND, IN THE ALTERNATIVE, MOTION TO STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant City of San Antonio, acting by and through City Public Service Board ("CPS Energy") files this its Motion to Dismiss for Lack of Subject-Matter Jurisdiction and, in the alternative, Motion to Strike Plaintiff's Second Amended Complaint.

### Factual and Procedural Background

In the present suit, Mr. Paul has amended his Complaint twice since serving CPS Energy with a copy of the Complaint three weeks ago. The first amendment, permitted as a matter of course under the Federal Rules of Civil Procedure, slightly clarified and expanded upon the causes of action and complaints raised in Plaintiff's Original Complaint.[1] It was filed on the afternoon of Thursday, July 2, 2015.

The afternoon of the very next business day, after CPS Energy had spent the morning reviewing Plaintiff's First Amended Complaint, Plaintiff filed a Second Amended Complaint

---

[1] CPS Energy does not concede that the clarifications or removal of extraneous information brought Plaintiff's pleadings into conformance with the minimum standard required of such pleadings; rather, CPS Energy acknowledges that there is some relationship between the content of the Original Complaint and the First Amended Complaint, whereas the Second Amended Complaint is a wholesale recasting of Plaintiff's supposed causes of action and claims for relief.

1

bearing little or no relation to the First Amended Complaint.[2] No leave was sought of the Court, and no consent was sought, much less obtained, from CPS Energy. In the absence of a written agreement of the parties or leave of court, Plaintiff's filing violates the Federal Rules of Civil Procedure. Fed. R. Civ. P. 15(a)(2). More importantly, however, the Second Amended Petition does not present a properly pleaded federal question and, therefore, deprives the Court of jurisdiction over this case.

### The Substance (and Origin) of Plaintiff's Second Amended Complaint

Mr. Paul's Second Amended Complaint bears little resemblance to the First Amended Complaint because it is taken almost entirely from a cause brought before the California Public Utilities Commission ("PUC"). Appendix C shows a comparison of Mr. Paul's Second Amended Complaint and the California PUC case. Appendix D is an order dismissing that case. Many of the facts and allegations borrowed from the California PUC pleading do not apply to Mr. Paul at all, and the complaint has not even been completely modified to remove references to the parties in the California PUC case. *See* Pl.'s Second Am. Compl. ¶ 24(c) (referencing "PG&E," Pacific Gas and Electric Company).

As its title would indicate, the Second Amended Complaint for Breach of Contract principally seeks relief under a theory of breach of contract and related causes of action. Beyond various iterations of that claim and claims presumably brought under tort theories, the Second Amended Complaint contains a passing reference to the Americans with Disabilities Act—yet no claim involving the U.S. Constitution or federal statutes is well pleaded. Therefore no federal question is properly before the Court and the Court lacks jurisdiction to hear Mr. Paul's claims.

---

[2] As the copy of Plaintiff's First Amended Complaint filed through the ECF system is not properly paginated, for the convenience of the Court, a properly paginated copy is attached as Exhibit A. Pages were omitted when Plaintiff filed his Second Amended Complaint, so for the convenience of the Court, a complete version of that pleading is attached as Exhibit B.

**The Second Amended Complaint Does Not Present a Federal Question**

Plaintiff's Second Amended Complaint does not include a jurisdictional statement. However, both Plaintiff's Original Complaint and First Amended Complaint assert that the Court has jurisdiction over the parties and Plaintiff's claims pursuant to 28 U.S.C. § 1331. Therefore, and in light of the fact that both CPS Energy and Mr. Paul are citizens of the state of Texas, CPS Energy is left to presume that Plaintiff has invoked the federal-question jurisdiction of this Court. Yet despite this presumed basis for existence of jurisdiction, Mr. Paul does not properly plead any claim for relief that implicates a federal question.

To determine whether a court has federal-question jurisdiction, it must consider the degree to which federal law is at the forefront of the case—and not merely a collateral, peripheral, or remote issue. *Merrell Dow Pharms. v. Thompson*, 478 U.S. 804, 813–14 & n.11 (1986); *Howery v. Allstate Ins.*, 243 F.3d 912, 917 (5th Cir. 2001). The search for federal-question jurisdiction is confined to the face of the complaint. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). Because Plaintiff's Second Amended Complaint fails to properly raise a claim that would give rise to the Court's federal-question jurisdiction, the Court lacks jurisdiction and Plaintiff's suit should be dismissed.

*Contract and Tort Claims*

Plaintiff's first through fourth causes of action relate to alleged misleading representations. Pl.'s 2d Am. Compl. ¶¶ 7–10, ECF No. 23. The fifth cause of action appears to sound in trespass. *Id.* ¶ 11. The sixth, seventh, eleventh, twelfth, and thirteenth causes of action are actually complaints about the specific manner of functioning of smart meters or specific types of alleged injuries rather than particular causes of action; however, they most closely resemble tort actions for battery or breach of contract actions. *Id.* ¶¶ 12–13, 17–19. The eighth

cause of action for "Failure to Investigate Customer Complaints" presumably arises under either some unidentified contractual obligation or as a result of some unidentified duty of care. In either case, the claims arise under state law. *Id.* ¶ 14.  Plaintiff has not shown, nor can he, that any of these claims implicate a federal question in any way.

*Claims Alleging Discrimination*

Plaintiff's ninth and tenth causes of action relate to "ADA Violation" and "Customer Discrimination." *Id.* ¶¶ 15–16. However, Mr. Paul does not allege that he suffers from "electromagnetic sensitivity" or that CPS has violated the ADA in any respect with regard to him; rather, he refers to unidentified customers with "medical problems even though they may not have a letter from their doctor confirming the condition."

To advance on a claim under Title II of the ADA,[3] Mr. Paul must allege that 1) he has a qualifying disability; 2) he is being denied the benefits of services for which the public entity is responsible; and 3) that such discrimination is because of his disability. *Hay v. Thaler*, 470 F. Appx. 411, 417 (5th Cir. 2012). Mr. Paul has not alleged facts that would give rise to a claim under the ADA or to show discrimination against him or any other person. Because Mr. Paul has not pleaded these causes in a way that could plausibly result in the relief that he seeks, they should be dismissed and should not be considered as part of the Court's jurisdictional analysis.

**In the Alternative, Plaintiff's Second Amended Complaint Should be Stricken**

Plaintiff filed his Second Amended Complaint without leave of court and without an agreement between the parties. Therefore, the submission of the Second Amended Complaints is a violation of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 15(a)(2). *U.S. v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998). Under Rule 15, leave to amend "is by no means

---

[3] As a public entity, CPS Energy is not subject to claims under Title III of the ADA. *See* 42 U.S.C. § 12181(6).

automatic," although the trial court must have a "substantial reason" to deny leave. *Wimm v. Eckerd Corp.*, 3 F.3d 137, 139, 141 (5th Cir. 1993). Courts in the Fifth Circuit examine five considerations to determine whether leave should be granted for a party to amend a complaint: 1) undue delay; 2) bad faith or dilatory motive; 3) repeated failure to cure deficiencies by previous amendments; 4) undue prejudice to the opposing party; and 5) futility of the amendment. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

While the other factors may also weigh in favor of denying relief to Mr. Paul to amend his Complaint a second time, the amendment should be disallowed on the grounds of futility alone. "An amended complaint is futile if it fails to state a claim upon which relief can be granted." *Silvas v. Remington Oil & Gas Corp.*, 109 F. Appx. 676, 678 (5th Cir. 2004) (per curiam). "If a proposed amended pleading cannot withstand a motion to dismiss, whether previously filed or not, the amendment should be denied as futile." *Siemens Med. Solutions USA, Inc. v. Sunrise Med. Tech., Inc.*, No. 3:04-CV-2711, 2005 U.S. Dist. LEXIS 43560 at *4 (N.D. Tex. Mar. 16, 2005) (citing *Goldstein v. MCI Worldcom*, 340 F.3d 238, 254 (5th Cir. 2003)).

Here, Mr. Paul's Complaint, even with the proposed amendment, fails to state a claim upon which relief can be obtained; consequently Mr. Paul should not be permitted to make the amendment. *See id.* (denying leave to file proposed amendment to counterclaims because it would not survive the plaintiff's already-pending motion to dismiss). Consequently, he should not be granted leave to amend, and CPS Energy should be given an opportunity to move to dismiss Mr. Paul's claims as pleaded in his First Amended Complaint.

**Conclusion and Prayer**

In light of the foregoing, CPS Energy respectfully requests that the Court dismiss Plaintiff's claims for lack of jurisdiction and award it costs pursuant to 28 U.S.C. §1919, or, in the alternative, that the Court strike Plaintiff's Second Amended Complaint and permit CPS Energy an opportunity to seek dismissal of Plaintiff's First Amended Complaint, as well as for such other and further relief to which it is rightfully entitled.

Respectfully submitted,

/s/ *Matthew E. Vandenberg*
Jeffrey T. Harvey
State Bar No. 6011139
jharvey@jw.com
Matthew E. Vandenberg
State Bar No. 24079501
mvandenberg@jw.com
JACKSON WALKER L.L.P.
112 E. Pecan Street, Suite 2400
San Antonio, Texas 78205
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

**ATTORNEYS FOR DEFENDANT CPS ENERGY**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 13th day of July 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system through which a copy was served upon:

Michael Thomas Paul, *pro se*
9123 Easy Street
San Antonio, Texas 78266
(210) 294-4533
mtp8389@gmail.com

            /s/ *Matthew E. Vandenberg*
            Matthew E. Vandenberg

13963792v.2 103119/02454