**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **Michael Thomas Paul,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **City of San Antonio, acting by and** | § | **5:15-CV-00173-DAE** |
| **through City Public Service Board** | § | |
| **("CPS Energy"),** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT CPS ENERGY'S 12(B)(1) AND 12(B)(6) MOTION TO DISMISS AND**
**MEMORANDUM IN SUPPORT OF THE MAGISTRATE'S RECOMMENDATIONS**
**AND MEMORANDUM AND, IN THE ALTERNATIVE, 12(E) MOTION FOR MORE**
**DEFINITE STATEMENT**

Defendant City of San Antonio, acting by and through City Public Service Board ("CPS Energy") submits this Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) and Memorandum in Support of the Magistrate's Recommendations and Memorandum (ECF No. 42), in the alternative, its Rule 12(e) Motion for a More Definite Statement in response to the *pro se* Third Amended Complaint filed by Plaintiff Michael Thomas Paul.[1] Dismissal is appropriate because Mr. Paul's Third Amended Complaint fails to state a claim for relief that is plausible on its face, or a federal question that would confer jurisdiction upon this Court.

**I. Plaintiff's Allegations**

The present suit brought by Mr. Paul against CPS Energy is his third within the past year related to alleged injuries suffered as a result of the installation of a metering device at his home. The meter was part of a solar system installed and designed by Mr. Paul for which CPS Energy

---

[1] CPS Energy files this Motion to Dismiss in an abundance of caution to avoid any argument of waiver or failure to timely respond to Plaintiff's Third Amended Complaint pending adoption of the Magistrate's recommendations by the Court.

provided him a $15,000 solar energy subsidy. The first two suits, filed in Texas courts in Comal County and Bexar County, were voluntarily dismissed by Mr. Paul without prejudice. Only these prior interactions with Mr. Paul have permitted CPS Energy to understand the general nature of Mr. Paul's grievances. Mr. Paul has amended his Complaint four times since filing suit in this Court, and in each instance, CPS Energy has moved for dismissal. Despite the multiple revisions, Mr. Paul still fails to properly state a claim upon which relief can be granted or a federal question that would bring his grievances within the jurisdiction of this Court.

## II. Arguments and Authorities

### 1.    Standard of Review

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts 'to state a claim for relief that is plausible on its face.'" *Bustos v. Martini Club Inc*., 599 F.3d 458, 461 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant can be held liable for the misconduct alleged. *Iqbal*, 556 U.S. at 679. Mr. Paul fails to state plausible claims against CPS Energy because he has not pleaded facts that would give rise to liability under any of the legal theories he cites.

To determine whether a court has federal-question jurisdiction, it must consider the degree to which federal law is at the forefront of the case—and not merely a collateral, peripheral, or remote issue. *Merrell Dow Pharms. v. Thompson*, 478 U.S. 804, 813–14 & n.11 (1986); *Howery v. Allstate Ins.*, 243 F.3d 912, 917 (5th Cir. 2001). The search for federal-question jurisdiction is confined to the face of the complaint. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983).  Because Plaintiff's Third Amended Complaint

2

fails to properly raise a claim that would give rise to the Court's federal-question jurisdiction, the Court lacks jurisdiction and Plaintiff's suit should be dismissed.

    **2.**       **Plaintiff's Alleged Causes of Action**

          **a.**       Contract and misrepresentation claims (Causes of Action 1-4).

Plaintiff's first through fourth causes of action relate to alleged misleading representations. Pl.'s 3d Am. Compl. ¶¶ 31–56, ECF No. 41. Even if true, these misleading representations sound in either breach of contract or tort claims governed by state law. The claims as asserted by Plaintiff do not center on or even involve the resolution of any federal questions.

          **b.**       Computer Fraud (Cause of Action 5)

Mr. Paul cites various provisions under Section 1030 of Title 18 of the United States Code which relates to computer fraud. The Third Amended Complaint does not provide the detail necessary to permit CPS Energy to understand specifically what is alleged to have been done. Yet claims for fraud are subjected to a heightened pleading standard. *See* Fed. R. Civ. P. 9(b); *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032–33 (5th Cir. 2010) (holding that a plaintiff had not adequately pleaded fraud when he alleged only slight circumstantial evidence of fraud). Mr. Paul's conclusory and confusing allegations do not rise to the heightened standard required for fraud claims and, therefore, the fraud claim should be dismissed.

Further, Mr. Paul's Third Amended Complaint, fails to even allege that CPS Energy engaged in fraud against a "protected computer" as required by each of the provisions he cites. *See* 18 U.S.C. § 1030 *et seq.*, 18 U.S.C. 2510(21)(A). Under the relevant statute, a "protected computer" is defined as  a computer:

> (A)  exclusively for the use of a financial institution or the United States Government, or, in the case of a computer not exclusively for such use, used by or for a financial institution or the United States Government and the conduct constituting the offense affects that use by or for the financial institution or the Government; or
>
> (B)   which is used in or affecting interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communication of the United States.

*Id.* § 1030(e)(2)(A)–(B). Mr. Paul does not allege facts that would place his claims within the scope of either of these definitions. Consequently, Mr. Paul has not properly pleaded his fraud claim or invoked a federal question regarding compliance with federal fraud statutes.

c.       Takings (Cause of Action 5)

Plaintiff's takings claim suffers from myriad shortcomings—namely, that he has not identified the government action that resulted in an uncompensated taking, clearly specified what was taken or the value of it, or shown that he has been denied reasonable compensation after seeking appropriate redress. The last of these shortcomings alone is sufficient to deny this Court of jurisdiction over the claim—when a Plaintiff has not sought compensation through state-provided procedures, his claim is not yet ripe because he cannot show that he has been denied compensation. *Williamson Cnty. Reg. Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 at 194–95 (1985); *see also Horne v. Dept. of Ag.*, 133 S.Ct. 2053, 2062 (2013). Mr. Paul has not pleaded that he has exhausted state-provided procedures to seek any compensation that is due him.

Because Plaintiff's takings claim is not properly pleaded, supported by factual contentions, and is not yet ripe, it does not give rise to federal-question jurisdiction and should be dismissed.

       d.     Wiretapping (Cause of Action 6)

Plaintiff's Third Amended Complaint makes reference to wiretapping, citing to 18 U.S.C. §2511. Pl.'s 3d Am. Compl. ¶75. However, the claim is not properly pleaded as he does not allege that wire, oral, or electronic communications have been intercepted, disclosed, or intentionally used in violation of a law. *See* 18 U.S.C. §2520(a). The Third Amended Complaint does not specify who engaged in the alleged acts, when they occurred, what was intercepted or disclosed, or what law was violated by means of the interception or disclosure of the information. Therefore, the claim is not plausible on its face and also does not properly present a federal question.

       e.     Privacy Act of 1974 (Cause of Action 6)

Mr. Paul's Third Amended Complaint references the Privacy Act of 1974, alleging that CPS Energy's alleged actions "may" violate that legislation. Pl.'s 3d Am. Compl. ¶ 77. However, that act, codified at 5 U.S.C. § 552a governs only the actions of federal agencies. *See* 5 U.S.C. § 552a(a)(1), 552a(b), 552(e). Mr. Paul has not pleaded any facts that would bring CPS Energy within the scope of the Privacy Act of 1974, therefore the claim is not plausible on its face and also does not properly present a federal question.

       f.     References to Additional Legal Theories

       *a.*     *Anti-competitive behavior*

Mr. Paul asserts that CPS Energy is engaging in prohibited anti-competitive behavior. However, he does not allege any particular anti-competitive behavior or act of collusion with other market entities, or that CPS Energy has in any way "monopolized any part of the trade or commerce among the several States." 15 U.S.C. §2; *see also* Pl.'s Compl. ¶¶ 27(f), ECF No. 7. In *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that because of the significant expense associated with an antitrust claim, a bare allegation is not sufficient.

"Thus, it is one thing to be cautious before dismissing an antitrust complaint in advance of discovery, but quite another to forget that proceeding to antitrust discovery can be expensive" and "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Bell Atlantic v. Twombly*, 550 U.S. 544, 558 (2007) (internal citations omitted). Mr. Paul fails to state a viable claim by even the most lenient of standards; he certainly has not met the heightened standard required of this complex and incredibly expensive claim that he raises.

### b.     Fourth and Fourteenth Amendment

Plaintiff's Third Amended Complaint makes reference to the Fourth Amendment and the Fourteenth Amendment. Pl.'s Compl. ¶¶ 4, 27(b). Beyond a fleeting reference to the Fourth and Fourteenth Amendment, neither amendment is discussed anywhere in Plaintiff's Third Amended Complaint, and therefore, there is no basis upon which Mr. Paul could prevail on any claim for relief pursuant to the protections of the Fourth or Fourteenth Amendments to the Constitution.

### c.     Plaintiff's Incorporated Claims

In his Third Amended Complaint, Plaintiff "incorporates" Exhibit 8 "and all claims into [his] petition as pleadings and seeks relief from there of." Pl.'s 3d Am. Comp. ¶ 40. Exhibit 8 is a demand filed in state court which Mr. Paul argues is binding upon CPS Energy because it has been filed in a court. The confusing document borrowed heavily from an anti-smart meter advocacy website,[2] includes, for example, a liquidated damages provision requiring payment of $10,000.00 per day that his demands are not met. *See*, *e.g.*, Ex. 8 at ¶¶ 29–30, ECF. No. 39. Though there is no basis whatsoever to the document or the arguments it contains, any violation

---

[2] *Compare* Exhibit 8 *with* http://stopsmartmeters.org/wp-content/uploads/2014/10/Notice-of-Default.doc (last accessed January 12, 2015).

of the "Notice and Demand" would be a question of contract law, properly determined in a state court and does not give rise to federal-question jurisdiction.

### III. Motion for More Definite Statement

Plaintiff's Third Amended Complaint is unfortunately so unintelligible that a responsive pleading cannot be properly framed. Plaintiff's Third Amended Complaint makes frequent use of abbreviations and terms with uncertain meaning, includes extensive excerpts from statutes, and includes fragments of sentences which cannot be clearly understood. For example, there is no clear way that CPS Energy could respond to the following allegations:

> 67. When enquired of CPS Energy as to the discrepancy. Plaintiff was told that the rate was the avoided fuel cost rate that is to be paid and that was all he would receive.

> 77. And may also be in be in violation of the Privacy Act of 1974 TITLE 5- PART I – CHAPTER 5- SUBCHAPTER IT-Sec. 552a. Records maintained on individuals. (b) Conditions of Disclosure.--No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be-

Pl.'s 3d Am. Compl. ¶¶ 67, 77.

To the extent the Court finds that Mr. Paul has adequately pleaded claims to survive a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(e), CPS Energy asks that the Court order Mr. Paul to further amend his Complaint so that CPS Energy can frame its responsive pleading.

### IV. Conclusion and Prayer

Mr. Paul has not properly pleaded any claim against CPS Energy, and has not properly invoked the federal jurisdiction of this Court. Even as a *pro se* defendant, Mr. Paul must plead his claims in a way that is plausible on its face and allows CPS Energy to respond. *See Am. Ass'n*

*of Naturopathic Physic. v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000). Thus, CPS Energy respectfully requests, consistent with the recommendations of the Magistrate Judge, that the Court grant this motion and dismiss the causes of action asserted against it for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), and also to dismiss for the lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). In the alternative, CPS Energy asks that the Court order Mr. Paul to further amend his Complaint to provide a clearer statement of his causes of action.

Respectfully submitted,

/s/ *Matthew E. Vandenberg*
Jeffrey T. Harvey
State Bar No. 6011139
jharvey@jw.com
Matthew E. Vandenberg
State Bar No. 24079501
mvandenberg@jw.com
JACKSON WALKER L.L.P.
112 E. Pecan Street, Suite 2400
San Antonio, Texas 78205
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

**ATTORNEYS FOR DEFENDANT
CPS ENERGY**

## CERTIFICATE OF SERVICE

      I hereby certify that on the 6th day of October 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system through which a copy was served upon:

Michael Thomas Paul, *pro se*
9123 Easy Street
San Antonio, Texas 78266
(210) 294-4533
mtp8389@gmail.com

                /s/ *Matthew E. Vandenberg*
                Matthew E. Vandenberg

14844823v.1 103119/02454